**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE**

| | | |
|---|---|---|
| MICHAEL F. GILMORE, a citizen and resident of Loudon County, Tennessee, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:23-cv-212 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and | ) | |
| THE DOW CHEMICAL COMPANY CORPORATION, | ) | |
| and | ) | |
| BROWN & BROWN ABSENCE SERVICES GROUP, LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, Michael F. Gilmore, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Michael F. Gilmore, is a citizen and resident of Loudon County, Tennessee.

2. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company with its principal place of business in Omaha, Nebraska, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson

Parkway, Nashville, TN 37243. At all material times, Defendant Lincoln acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

2. The Defendant, The Dow Chemical Company Corporation ("Dow") is a company duly organized under the laws of Delaware, with its principal place of business at 2211 HH Dow way, Midland, Michigan 48642-4815. Dow may be served with process through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919.

At all material times Defendant Dow, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Defendant, Brown & Brown Absence Services Group, LLC ("Brown") is a company duly organized under the laws of Florida with its principal place of business at 101 Edgewater Drive, Suite 260, Wakefield, MA 01880 having significant and reoccurring business in the State of Tennessee. Brown may be served with process through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

At all material times Defendant Dow, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for his Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. The Plaintiff brings this action to recover benefits due for his long term

disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

6. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

7. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

8. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

9. Upon information and belief, the Defendant Lincoln, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

10. Upon information and belief, the Defendant Dow is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

11. Upon information and belief, Defendants Lincoln and Dow were claims administrators and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

12. Upon information and belief, the Defendant Brown acted as agent and representative of Defendant Lincoln and/or Defendant Dow.

## FACTS

13. At all material times, Plaintiff worked for Defendant Dow.

14. In 2020, Plaintiff's medical conditions made it impossible for him to continue working resulting in permanent and total disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

15. Plaintiff applied for and received benefits under Defendant Dow's long term disability plan ("The Plan") effective November 9, 2020.

16 Defendants Dow and Lincoln arranged for Defendant Brown to represent Mr. Gilmore in a claim for Title II Social Security benefits.

17. Upon information and believe, Defendant Brown regularly communicated with Defendants Dow and/or Lincoln regarding Mr. Gilmore long term disability benefits and Title II claim.

18. Defendant Brown came into possession of important opinion evidence in representing Mr. Gilmore in the Title II Social Security Disability claim.

19. Plaintiff was deemed entitled to Title II benefits by the Social Security Administration.

20. Plaintiff's medical condition has not improved and has been stable to worsening since 2020.

21. Defendants Dow and Lincoln continued to pay Plaintiff long term disability benefits under Defendant Dow's long term disability plan until November of 2022.

22. On August 17, 2022, Defendants Dow and Lincoln denied continued benefits under The Plan and informed Plaintiff of their decision in writing.

23. On August 31, 2023, Plaintiff, through counsel, requested a complete copy of the Plan Document and the Administrative Record.

24. In September of 2023, Plaintiff contacted Defendant Brown requesting a complete copy of his file maintained by Defendant Brown.

25. Defendant Brown did not respond to Plaintiff's contacts and never sent a copy of the file maintained by Defendant Brown.

26. On November 2, 2022, Plaintiff, through counsel, wrote Defendant Brown requesting again a copy of Plaintiff's file maintained by Defendant Brown.

27. Defendant Brown never responded to Plaintiff's written request for information.

28. Defendant Brown did contact Plaintiff on several occasions to attempt to collect money on behalf of Defendants Dow and Lincoln.

29. Plaintiff appealed the denial of continued benefits on February 2, 2023, and provided the Defendants with additional proof of disability.

30. On appeal, Defendant Lincoln had Plaintiff's file reviewed by a Dr. Andrew Nava.

31. Plaintiff made repeated requests of Defendant Lincoln to make Dr. Nava available for examination regarding his opinions, as well as requests claim handling

procedures.

32. Defendant Lincoln denied those requests.

33. On April 5, 2023, the Defendants affirmed their decision to deny continued benefits under Defendant Dow's Plan.

34. The April 5, 2023, decision by the Defendants is the final administrative step under the Plan.

35. Upon information and belief, the entities that made the decision to deny benefits would pay any benefits due out of its own funds.

36. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

37. The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

38. The Defendants acted under a Plan to take advantage of the potential applicability of ERISA to claims.

39. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

40. Plaintiff is disabled under the terms of the Plan.

41. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

42. The decision to deny benefits was wrong under the terms of the Plan.

43. The decision to deny benefits and decision-making process were arbitrary and capricious.

44. The decision to deny benefits was not supported by substantial evidence in the

record.

45. The appellate procedures did not provide the Plaintiff a full and fair review.

46. As an ERISA fiduciary, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

47. The Defendants violated the fiduciary duties owed to the Plaintiff.

48. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of his suit and reasonable attorney

fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendants to provide Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted this 16th day of June, 2023.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37919
(865) 584-1211