**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **MICHAEL F. GILMORE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>and<br><br>**BROWN & BROWN ABSENCE SERVICES GROUP, LLC**,<br><br>Defendants. | ) | CIVIL ACTION NO. 3:23-cv-00212-TAV-DCP<br><br>Judge Thomas A. Varlan<br><br>Magistrate Judge Debra C. Poplin |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Michael F. Gilmore, and Lincoln files a counterclaim through its undersigned counsel and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it was properly served in this action. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Defendant The Dow Chemical Company Corporation ("Dow"), which, at certain times, insured benefits from The Dow

Chemical Company Corporation Long Term Disability Plan (the "LTD Plan"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

2.(sic) The allegations contained in the second Paragraph numbered "2" of the Complaint appear to pertain to Dow, and accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding Dow's status as a business entity, and accordingly, Lincoln denies the allegations contained in the second Paragraph numbered "2" of the Complaint and the unnumbered Paragraph thereafter.

3. The allegations contained in the Paragraph 3 of the Complaint appear to pertain to Defendant Brown & Brown Absence Services Group, LLC ("Brown & Brown") and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding Brown & Brown's status as a business entity, and accordingly, Lincoln denies the allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Dow and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Dow and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

9. To the extent that Paragraph 9 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Lincoln specifically denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Further, the allegations contained in Paragraph 10 of the Complaint appear to pertain to Dow, and accordingly, Lincoln is not required to respond. To the extent a response is required, upon information and belief, Lincoln admits that Dow was the sponsor of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Dow to provide long term disability benefits to certain of its employees and that Lincoln issued a the Policy to Dow, which, at certain times, insured benefits from the LTD Plan. Further, the allegations contained in Paragraph 11 of the Complaint appear to pertain to Dow, and accordingly, Lincoln is not required to respond. To the extent a response is required, upon information and belief, Lincoln admits that Dow was the sponsor of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln denies the allegations contained in Paragraph 12 of the Complaint.

## **FACTS**

13. Lincoln admits Plaintiff was, at certain times, employed by Dow. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy and that Plaintiff's last day of work at Dow was on or about May 8, 2020. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Dow to provide long term disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. The allegations contained in the Paragraph 18 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter dated August 17, 2022, to Plaintiff that is contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it received a letter dated August 31, 2022, from Plaintiff's counsel, to Plaintiff that is contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. The allegations contained in the Paragraph 24 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding communications between Plaintiff or Plaintiff's counsel and Defendant Brown & Brown, and accordingly, Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in the Paragraph 25 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent that a response is required, Lincoln is without sufficient information regarding communications between Plaintiff or Plaintiff's counsel and Defendant Brown & Brown, and accordingly, Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in the Paragraph 26 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding communications between Plaintiff or Plaintiff's counsel and Defendant Brown & Brown, and accordingly, Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in the Paragraph 27 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding communications between Plaintiff or Plaintiff's counsel and Defendant Brown & Brown, and accordingly, Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. The allegations contained in the Paragraph 28 of the Complaint appear to pertain to Defendant Brown & Brown and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient information regarding communications between Plaintiff or Plaintiff's counsel and Defendant Brown & Brown, and accordingly, Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits Plaintiff's counsel submitted an appeal of the denial of benefits from the LTD Plan under the Policy to Plaintiff that is contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and

Lincoln refers to the appeal itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received letters dated March 9, 2023, and March 19, 2023, from Plaintiff's counsel to Plaintiff that are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the letters themselves as the best evidence of their contents.. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it sent letters dated March 14, 2023, and March 21, 2023, to Plaintiff's counsel to Plaintiff that are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it sent a letter dated April 5, 2023, to Plaintiff's counsel to Plaintiff that is contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits it sent a letter dated April 5, 2023, to Plaintiff's counsel to Plaintiff that is contained in the administrative record upon which Plaintiff's claims for benefits from the

LTD Plan under the Policy was determined, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Dow, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Dow, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. To the extent that the allegations contained in Paragraph 39 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies the allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

Lincoln denies the allegations contained in the WHEREFORE paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was arbitrary and carpicious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or

other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 4th day of August 2023.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **4th day of August 2023**, a true and correct copy of the foregoing **DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

John P. Dreiser, Esq.
john@farmerdreiser.com

Jamie Ballinger, Esq.
jballinger@bakerdonelson.com

Erica L. Hughes, Esq.
ehughes@bakerdonelson.com

Cameron S. Hill, Esq.
chill@bakerdonelson.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers